IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30797
Summary Calendar

_____

JOHN SPOTVILLE, ET AL,

Plaintiffs,

BETTY SPOTVILLE, wife of John Spotville,

Plaintiff-Appellant,

versus

MATTHEW WOODRUFF, Individually
and in his official capacity as
a Jefferson Parish Sheriff Officer;
JOSEPH MOORE, Individually and in
his official capacity as a Jefferson
Parish Sheriff Officer; HARRY LEE, Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-228-T

_____

May 1, 2002

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Betty Spotville appeals the denial of her motion for a new

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial following a final judgment in favor of the defendants in her civil rights action.

The record does not include any transcript of the evidence at trial (it does include the jury charge and a transcript of the closing arguments to the jury) or of the evidence at the evidentiary hearing(s) on the motion for new trial or of anything said by the court (or counsel) during or at the conclusion thereof. The record includes the court's minute entry stating that the motion for new trial was "DENIED" and that the defense motion for sanctions was "DENIED", but contains no further indication of the court's reasons for so ruling. Appellant's counsel moved in the district court for preparation at government expense of the transcripts of the trial and of all hearings associated with the motion for new trial, and this motion was denied, the court finding that, although plaintiff had been granted IFP status for appeal, an appeal would be frivolous and lacking in a substantial question. Appellant made a similar motion in this court, as well as a motion "to supplement the record by adding a transcript of the court's oral reasons for judgment" and a motion "to supplement her record excerpts by adding a transcript of the court's oral reasons for judgment," each of which motions were opposed and were denied by the Clerk of this Court. Appellant has never sought review by a judge of this Court of any of these orders of the Clerk, as authorized by Fifth Circuit Local Rule 27.1; nor are any of these

rulings, or that of the district court respecting transcripts at government expense, complained of in appellant's brief to this Court.

Spotville asserts that because she alleged that defense counsel was observed by her talking with members of the jury, in front of the courthouse, on the courthouse steps and in the hallway during trial, the district court had to allow her to subpoena and question the jurors about that contact. The trial court has discretion to consider the methods to be used to investigate an allegation of jury misconduct. *Martinez v. Food City, Inc.*, 658 F.2d 369, 372 (5th Cir. 1981). The Local Rules for the Eastern District of Louisiana do not mandate a different result. Appellant has not shown that the district court abused its discretion in denying a motion for a new trial on this ground. *See Diaz v. Methodist Hosp.*, 46 F.3d 493, 495 (5th Cir. 1995).

Spotville also contends that the district court erred in denying her motion for a new trial on the basis of improper closing arguments by defense counsel. She has failed to show the district court abused its discretion in its admonitions to defense counsel following objections. *Lewis v. Parish of Terrebonne*, 894 F.2d 142, 147 (5th Cir. 1990). As to the statements to which Spotville did not object, she has failed to show that reversal is called for under the plain error rule. *See Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1429 (5th Cir. 1986). It has not

3

been shown that the district court abused its discretion in denying a new trial on this ground. *See Diaz*, 46 F.3d at 495.

Spotville does not raise on appeal her motion for new trial assertion that the jury charge was erroneous, and that issue is therefore deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Spotville's counsel challenges the district court's claimed imposition of a "sanction" against him in the form of an entirely undescribed and unspecified alleged "admonition." The record reflects *only* that the defense motion for sanctions was "DENIED" and it does not reveal (or suggest) that *any* sanction was imposed or that *any* "admonition" was given. Therefore, counsel is not entitled to relief on this ground.

The district court's judgment denying the motion for a new trial and denying sanctions is

AFFIRMED.

4